# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, <br><br> Defendant. | CV 17-72-BU-BMM-JCL <br><br> FINDINGS AND RECOMMENDATION |

Pro se Plaintiff David Braun brings this action against Defendant Bank of America, N.A.[1] alleging a long history of wrongful conduct. Bank of America has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted. Because Braun's Complaint is barred by res judicata and otherwise fails to state a claim for relief, Bank of America's motion should be granted.

I.  **Background**

In the opening section of his Complaint, Braun alleges he has been a Bank of America credit card customer for several years and his account has been "plagued with large amounts of fraud," including unauthorized charges and two

---

[1] Defendant is improperly named in the Complaint as Bank of America, rather than Bank of America, N.A.

1

unspecified "fraud events" that caused him to be hospitalized under "questionable circumstances." (Doc. 1, at 2). Braun claims that Bank of America called him "uncontrollably" for several months and eventually brought a lawsuit against him in state court to collect on his unpaid credit card debt. Braun explains that he asserted a counterclaim against Bank of America, which was later dismissed by the court. Braun alleges Bank of America's collection action ended in "a working Judgment in District Court," and he has yet to be compensated "for the Damage to [his] health and life." (Doc. 1, at 3).

Following these initial allegations, the Complaint contains a section of "Facts" describing events and conduct that Braun alleges took place both before and during the collection action in state court. In support of these allegations, Braun attaches as exhibits several filings, orders, and other materials from the state court case. In the next section of his Complaint, Braun provides a list of "Accusations" in which he claims that his counterclaim in the debt collection case was improperly dismissed and accuses Bank of America of failing to respond to discovery during that litigation.

In his statement of requested relief, Braun demands 3,000,000 share of Bank of America Corporation common stock in order "[t]o insure future quality off [sic] life, provide to security medical care, housing and livening [sic] expenses, and

2

compensate for the harm done up to this point." (Doc. 1, at 8).

The final section of the Complaint is titled "Background on Plaintiffs [sic] previous Military Service and Executed Contractual Agreements." Braun claims the issues raised in his Complaint have "been around me and what's left off [sic] my family for many years" and states that he has made several prior complaints with various government agencies, including the FBI, NSA, and CIA. The rest of Braun's allegations are largely incomprehensible, and he ends his Complaint by asking defense counsel to produce "an actual contract or record off [sic] the events that you believe make it impossible for this court to render a Judgment for the Plaintiff." (Doc. 1, at 8-9).

## II.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court's standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting Rule 8).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Iqbal*, 556 U.S. at 678-79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Where, as here, the plaintiff is appearing pro se, the court liberally construes the allegations in the complaint. See e.g. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997).

As a general rule, the court may not consider any materials outside the pleadings on a Rule 12(b)(6) motion. *Lee v. City Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court may, however, consider documents attached to the complaint, matters that are subject to judicial notice, and documents necessarily relied on by the complaint and whose authenticity no party questions. See *Swartz*

4

*v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee*, 250 F.3d at 688-89 (9th Cir. 2001). Thus, review of Bank of America's motion is informed by the state court orders, filings, and other materials attached to Braun's complaint.

### III. Discussion

#### A. Res Judicata

Bank of America argues Braun's claims are barred by the doctrine of res judicata. The Court agrees.

It is well-established that under the federal full faith and credit statute, 28 U.S.C. § 1738, "federal courts must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgments was rendered." *Mack v. Kuckenmeister, CPA, MST*, 619 F.3d 1010, 1016 (9th Cir. 2010). See *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003). Thus, in considering the preclusive effect of a state court judgment, § 1738 requires federal courts to apply the law of res judicata as adopted by the state from which the judgment emerged. *Adam Brothers Farming, Inc. v. County of Santa* Barbara, 604 F.3d 1142, 1148 9th Cir. 2010).

In Montana, the doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Brilz v. Metropolitan*

*General Ins. Co.*, 285 P.3d 494, 499 (Mont. 2012). Res judicata applies if the following elements are satisfied:

> (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz*, 285 P.3d at 501.

Here, Braun is attempting to relitigate claims that were or could have been raised in the debt collection action Bank of America filed against him in the Montana Eighteenth Judicial District Court, Cause No. DV-15-576B, Dept. 2 captioned *Bank of America, N.A. v. David S. Braun ("Braun I"), aff'd* 2017 WL 3600629 (Mont. Aug. 22, 2017).[2] Braun's counterclaims against Bank of America in that case were dismissed with prejudice, and all five elements of res judicata are satisfied.

First, the parties in this lawsuit – Braun and Bank of America – were both parties in the *Braun I* debt collection case. (See Docs. 1, 1-3, 1-7; *Braun I*, 2017

---

[2] Montana Supreme Court memoranda opinions may be cited "when relevant to establishing the application of law of the case, res judicata, or collateral estoppel." Section 1, Paragraph 3(c)(1)-(2), Montana Supreme Court Internal Operating Rules.

WL 3600629).

Second, the subject matter of this action is the same as the subject matter of *Braun I*. Both actions, including Braun's counterclaims in *Braun I* (doc. 1-3) and his claims in this case, stem from Braun's credit card debt and Bank of America's conduct in collecting on the debt and pursuing debt collection litigation in state court.

Third, the issues in this action and *Braun I* are the same, or are ones that could have been raised in *Braun I*, and they relate to the same subject matter. This element "requires that the issues arise from the same transaction consisting of a 'common nucleus of operative facts underlying' the two legal actions." *Ziolkowski v. Johnson, Rodenburg & Lauinger, PLLP*, 2013 WL 1291615 *7 (quoting *Brilz*, 285 P.3d at 502). Braun's counterclaim in *Braun I* and his complaint in this case both arise out a common nucleus of operative facts, namely, the fraudulent activity Braun alleges plagued his credit card account and the manner in which Bank of America sought to collect on the debt. In fact, Braun's counterclaim in *Braun I* and his claims in this case are virtually identical in many respects. Both allege that fraudulent charges often appeared on Braun's account, that he was hospitalized as a result of fraudulent activity, that he complained to the FBI and other government agencies, and that Bank of America called him frequently and

aggressively attempted to collect on the debt. (See Docs. 1; 1-3). Because Braun's claims in this case arise from the same transaction litigated in *Braun I*, the third element of res judicata is satisfied. To the extent Braun's Complaint can be liberally read as alleging claims he did not raise in *Braun I*, the third element of res judicata is nevertheless met because those claims also arise from the same common nucleus of operative facts and could have been litigated in the state court action.

Fourth, the capacities of the parties are the same. In *Braun I*, Braun asserted claims in his individual capacity as a debtor against Bank of America in its capacity as a creditor – just as he does here.

The fifth and final element requiring a final judgment on the merits is also met. On December 2, 2015, the Montana district court entered an order in *Braun I* dismissing Braun's counterclaim pursuant to Rule 12(b)(6) of the Montana Rules of Civil Procedure for failure to state a claim. (Doc. 1-7). Under Montana law, a dismissal for failure to state a claim is final judgment on the merits for res judicata purposes "so long as leave to amend was available and either was not requested or was requested but properly rejected under the circumstances." *Ziolkowski*, 2013 WL 1291615, *8 (quoting *Brilz*, 285 P.3d at 503-04). There is no indication that Braun ever sought leave to amend his counterclaim. Instead, Bank of America

moved for summary judgment in August 2016, and Braun filed three motions for summary judgment in August and September 2016. *Braun I,* 2017 WL 3600629, *1. In January 2017, the district court granted summary judgment to Bank of America and denied Braun's motions. *Braun I,* 2017 WL 3600629, *1. Braun appealed from the district court's order granting Bank of America's motion for summary judgment, and in August 2017 the Montana Supreme Court affirmed the judgment in Bank of America's favor. *Braun I,* 2017 WL 3600629, *1. Under Montana law, the order dismissing Braun's counterclaim for failure to state a claim and the Montana Supreme Court's decision affirming summary judgment in Bank of America's favor constitute a final judgment on the merits.

Because a final judgment on the merits was entered in *Braun I*, and the remaining elements of res judicata are satisfied, Braun's claims against Bank of America in this action are barred and must be dismissed.

### B. Federal Debt Collection Practices Act and 42 U.S.C. § 1983

In addition to invoking the Court's diversity jurisdiction, Braun cites to the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and 42 U.S.C. § 1983 as a basis for federal question subject matter jurisdiction.

To the extent the Complaint can be construed as alleging claims under the FDCPA or Section 1983, Bank of America argues those claims fail as a matter of

law. Bank of America is correct.

1. FDCPA

The FDCPA applies specifically to "debt collectors," which is statutorily defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed," and is not considered a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(4). See *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009).

Original lenders and creditors "generally do not qualify as 'debt collectors'" under the FDCPA. *Tedder v. Deutsche Bank Nat. Trust Co.*, 863 F.Supp.2d 1020, 1033-34 (D. Haw. 2012) (citing *Long v. Deutsche Bank Nat. Trust Co.*, 2011 WL 5079586 *14 (D. Haw. Oct. 24, 2011)). "The FDCPA applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts." *Lyons v. Bank of Am., NA*, 2011 WL 3607608, *12 (N.D. Cal. Aug. 15, 2011).

Braun's Complaint and the exhibits attached to it reflect that Bank of

America was not collecting a debt on behalf of another, but was instead acting on its own behalf in attempting to recover the amount due on Braun's account. Braun does not allege that debt collection is Bank of America's principal business purpose. Taking allegations in the Complaint as true, Bank of America does not fall within the FDCPA's definition of a "debt collector" in this case. See *Brooks v. Citbank N.A.*, 2009 WL 2870046 *1 (9th Cir. 2009). To the extent Braun's Complaint can be construed as asserting a claim under the FDCPA, the claim fails as a matter of law and should be dismissed.

2. <u>Section 1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a federally protected right by (2) a person acting under color of state law. *See e.g. Anderson v.Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006); *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990). Section 1983 does not generally apply to the conduct of private parties. *Kirley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Braun does not allege either of these elements. Bank of America is a private party, and Braun does not allege any facts that would show otherwise. Braun also fails to allege that Bank of America deprived him of any federal constitutional right. Because Braun fails to allege a violation of a federally protected right by a

11

person acting under color of state law, any Section 1983 claim he is attempting to bring against Bank of America fails as a matter of law and should be dismissed.

## IV. Conclusion

For the reasons set forth above, and because it would be futile to permit Braun to amend his Complaint in an attempt to cure the defects discussed above,

IT IS RECOMMENDED that Defendant's motion to dismiss for failure to state a claim be GRANTED and this case be dismissed with prejudice.

DATED this 30th day of November, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge