# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN, | |
| Plaintiff, | CV 17-72-BU-BMM |
| vs. | **ORDER** |
| BANK OF AMERICA, | |
| Defendant. | |

## BACKGROUND

Plaintiff David Braun (Braun) has filed a Complaint pro se against Defendant Bank of America, N.A. (BANA).[1] Braun alleges that BANA engaged in unlawful conduct when it sought to collect the debt due on his BANA credit card account. BANA has moved to dismiss the Complaint. BANA argues that the doctrine of res judicata bars all of Braun's claims.

United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations in this matter on November 30, 2017. (Doc. 16). Judge Lynch determined that the doctrine of res judicata barred all of Braun's claims. Judge Lynch recommended that BANA's motion to dismiss be granted, and that this action be dismissed with prejudice. (Doc. 16 at 12).

---

[1] The Complaint improperly names Bank of America, N.A. as Bank of America.

Braun filed a timely objection to Judge Lynch's Findings and Recommendations. (Doc. 17). BANA filed a response to Braun's objection. (Doc. 19).

## STANDARD OF REVIEW

The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). No review is required of proposed findings and recommendations to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 149-152 (1986).

## DISCUSSION

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Brilz v. Metropolitan General Ins. Co.*, 285 P.3d 494, 499 (Mont. 2012). Res judicata applies when the following elements are satisfied:

> (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz*, 285 P.3d at 501.

All five elements of res judicata are satisfied here. Braun attempts to re-litigate claims here that he asserted or could have asserted in the debt collection action that BANA pursued against him in the Montana state court case entitled *Bank of America, N.A. v. David S. Braun (Braun I)*, Cause No. DV-15-576B. This case and *Braun I* share the same subject matter. The issues presented in this case were raised or could have been raised in *Braun I*. The capacities of the parties are the same in both cases. A final judgment on the merits was entered in *Braun I*. The Montana Supreme Court affirmed the district court's judgment in *Bank of America, N.A., v. Braun*, 2017 WL 3600629 (Mont. Aug. 22, 2017).

I find no error in Judge Lynch's Findings and Recommendations and adopt them in full. Accordingly, IT IS ORDERED:

1. Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 9) is GRANTED.

2. This case is DISMISSED with prejudice.

3. The Clerk is directed to enter judgment accordingly.

DATED this 4th day of January, 2018.

Brian Morris
United States District Court Judge