IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA,<br><br>Defendant. | CV 17-72-BU-BMM-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

On November 30, 2017, the undersigned United States Magistrate Judge enter findings and a recommendation that this action be dismissed upon Defendant Bank of America's motion to dismiss and the doctrine of res judicata. Additionally, the Court found Plaintiff David Braun's independent allegations under the Fair Debt Collection Practices Act and 42 U.S.C. § 1983 failed to state claims upon which relief could be granted.

On January 4, 2018, the presiding District Judge adopted the referenced recommendation and dismissed this action. The Court dismissed the case with prejudice.

On August 24 and 25, 2018, Braun filed two motions. First, he requests the Court produce records of any ex-parte communications that may have occurred in this case. But because no ex-parte communications occurred, IT IS HEREBY ORDERED Braun's motion is DENIED.

Second, Braun moves under authority of Fed. R. Civ. P. 60(b)(1) & (6) to modify the dismissal in this action to be without prejudice. He asserts he opposed the dismissal of his counterclaims in *Braun I*, the state court action referenced in the November 30, 2017 Findings and Recommendation which formed the basis for res judicata in this action. (*See* Doc. 16 at 6.) He argues those counterclaims should not have been dismissed, and he always intended to re-file his counterclaims. Thus, under Fed. R. Civ. P. 60(b)(1), he claims he was "surprised" to see his claims in this action dismissed.

Braun's arguments do not provide grounds for modifying the dismissal of his claims in this case with prejudice. Rule 60(b)(1) allows the Court to relieve a party from a final judgment for various reasons including "surprise." But this Court's proper analysis and application of the doctrine of res judicata, and the law under the Fair Debt Collection Practices Act and 42 U.S.C. § 1983 does not qualify as an unfair "surprise" warranting a modification of the dismissal in this case. *See In re Braga*, 272 F.R.D. 621, 625 (S.D. Florida 2011). Therefore, IT IS HEREBY

RECOMMENDED that Braun's motion to modify the dismissal of this action should be DENIED.

DATED this 27th day of August, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge